# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PLUMBERS & PIPEFITTERS LOCAL**
**UNION NO. 295, et al.,**

                **Plaintiffs,**

**-vs-**                                                          **LEAD CASE**
                                                **Case No. 6:05-cv-212-Orl-22DAB**

**G & W PLUMBING CO., INC.,**

                **Defendant.**

_____

**AND**

**THE TRUSTEE OF THE PLUMBERS**
**AND PIPEFITTERS NATIONAL**
**PENSION FUND, et al.,**

                **Plaintiffs,**

**-vs-**                                                           **Case No. 6:06-cv-184-Orl-22DAB**

**G & W PLUMBING COMPANY, INC., and**
**RONALD E. WELBORN,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO REQUIRE DEPOSIT OF FUNDS IN COURT REGISTRY (Doc. No. 105)** |
| **FILED:** | **September 20, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

According to the papers and the docket, on March 22, 2007, the parties executed a settlement agreement with respect to this matter, and on March 26, 2007, the District Court dismissed this case (Doc. No. 104). According to Defendants, the settlement agreement contemplated two payments, one of which has already been tendered and one of which is now due. Defendants assert that " a question now exists as to whether the parties attained a meeting of the minds . . . and whether, in fact, a settlement has been reached" and Defendant G&W thus seeks leave of court to deposit the second installment due under the settlement agreement into the court's registry and an order requiring Plaintiffs to return the first installment and deposit it into the court's registry, pending resolution of the underlying dispute. It is **respectfully recommended** that the Court deny this motion, for lack of jurisdiction.

There is no motion or other substantive matter before the Court with respect to interpretation or enforcement of the settlement agreement. And, as the terms of the settlement were not incorporated into the Court's order of dismissal and the Court did not otherwise reserve jurisdiction, such a motion would be ineffective, in any event, as the Supreme Court has held that district courts do not have inherent power to enforce settlement agreements. *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). ("Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires

its own basis for jurisdiction." *Id.* 511 U.S. at 378). A settlement agreement is a contract governed by state law and absent retention of jurisdiction by the court or an independent basis of jurisdiction, enforcement of settlement agreements is a matter for state courts. *Id.* at 382; *see also In re T2 Medical, Inc. Shareholder Litigation,* 130 F.3d 990 (11th Cir. 1997) (affirming district court holding that court lacked ancillary jurisdiction over motion to modify settlement agreement). As the instant motion relates to a substantive matter not pending before this court, it is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 12, 2007.

                                    *David A. Baker*
                                    DAVID A. BAKER
                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy